UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MARY ASALONE IULA,<br><br>              Plaintiff,<br><br>v.<br><br>JAMES VOOS,<br><br>              Defendant. | Case No.: 23-CV-2277 JLS (AHG)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED** ***IN FORMA PAUPERIS*** **(ECF No. 2);**<br><br>**(2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) WITH LEAVE TO AMEND (ECF No. 1); AND**<br><br>**(3) DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER (ECF No. 3)** |

      Presently before the Court are Plaintiff Karen Mary Asalone Iula's Complaint ("Compl.," ECF No. 1), Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2), and *Ex Parte* Application for Temporary Restraining Order and Motion for Preliminary Injunction ("TRO Mot.," ECF No. 3). Having carefully considered Plaintiff's submissions and the law, the Court **GRANTS** Plaintiff's IFP Application, **DISMISSES** Plaintiff's Complaint, and **DENIES** Plaintiff's TRO Motion.

**APPLICATION TO PROCEED *IN FORMA PAUPERIS***

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), which reads as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *rev'd on other grounds*, 506 U.S. 194 (1993).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (quoting *United States v.*

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

*McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

Here, Plaintiff indicates that her only monthly income is the $1,200 she receives from public-assistance programs, that she has less than $100 in cash, and that she has no other assets. *See* IFP Appl. at 1–3. Plaintiff reports no monthly expenses and discloses that she is a single parent with three children. *Id.* at 4–5.

The Court concludes that Plaintiff has adequately demonstrated that paying the $405 filing fee would hurt her ability to afford the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's IFP Application.

### SCREENING PURSUANT TO 28 U.S.C. 1915(e)(2)

A complaint filed by litigant proceeding IFP is subject to *sua sponte* dismissal if it is "frivolous, [is] malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

For the reasons that follow, the Court finds that the Complaint fails to state a claim for which relief can be granted. Accordingly, the Court will **DISMISS** Plaintiff's Complaint without prejudice and with leave to amend.

I.   **Standard of Review**

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* Plausibility requires pleading facts supporting a claim for relief, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Further, courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)).

## II. Plaintiff's Allegations

In her Complaint, Plaintiff alleges that she previously entered into a "16-month residential agreement" to sublease a rental home from Defendant James Voos. *See* Compl. at 1, 6. At some point after Plaintiff and her children moved into the home, Defendant began "demanding sexual favors" from Plaintiff "in exchange for housing and associated benefits." *Id.* at 4. As time went on, "Plaintiff endured a relentless series of harassment and discrimination" at Defendant's hands. *Id.* at 1. The harassment, which Plaintiff characterizes as "pervasive" and "severe," "rendered [her] living conditions unbearable." *Id.* at 3. When Plaintiff refused Defendant's sexual demands, he "retaliat[ed]" by "resort[ing] to unlawfully evicting" Plaintiff. *Id.* at 1–2.

## III. Analysis

The Complaint lists four causes of action. Three arise from the Fair Housing Act ("FHA"): (1) quid pro quo harassment in violation of 42 U.S.C. § 3604, *id.* at 3–4; (2) "interference and intimidation in violation of 42 U.S.C. § 3617," *id.* at 5; and (3) "unlawful eviction and retaliation" in violation of the "provisions of the [FHA]," *id.* at 6. The Complaint also contains a claim for the intentional infliction of emotional distress ("IIED"). *See id.* at 7–8. The Court addresses each claim in turn.

///

### A.     FHA Claims

The FHA prohibits sex-based discrimination in the sale or renting of housing. *See* 42 U.S.C. § 3604. As "it is beyond question that sexual harassment is a form of discrimination," *Beliveau v. Caras*, 873 F. Supp. 1393, 1397 (C.D. Cal. 1995), several courts have held that sexual harassment claims are actionable under the FHA. *See United States v. Hurt*, 676 F.3d 649, 654 (8th Cir. 2012); *Honce v. Vigil*, 1 F.3d 1085, 1088 (10th Cir. 1993); *DiCenso v. Cisneros*, 96 F.3d 1004, 1008 (7th Cir. 1996). "Specifically, where the sexual harassment creates a 'hostile housing environment' or constitutes 'quid pro quo sexual harassment,' it is actionable under the FHA." *Godwin v. Senior Garden Apartments*, No. 217CV02178MMDCWH, 2018 WL 1245498, at *2 (D. Nev. Mar. 9, 2018) (quoting *Hurt*, 676 F.3d at 654), *report and recommendation adopted*, 2018 WL 1538854 (D. Nev. Mar. 29, 2018). Courts "apply Title VII discrimination analysis in examining [FHA] discrimination claims." *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997).

#### 1.     Quid Pro Quo Harassment and Hostile Housing Environment

In the context of the FHA, "'[q]uid pro quo' harassment occurs when housing benefits are explicitly or implicitly conditioned on sexual favors." *Quigley v. Winter*, 598 F.3d 938, 947 (8th Cir. 2010) (quoting *Honce*, 1 F.3d at 1089). Plaintiff can thus state her claim by sufficiently pleading that a "tangible" housing action resulted from her refusal to submit to Defendant's sexual demands. *See id.*; *see also Macias v. Lange*, No. 14CV2763-GPC(JMA), 2016 WL 1274762, at *14 (S.D. Cal. Apr. 1, 2016) ("To establish quid pro quo sexual harassment under the employment laws, a plaintiff must show 'that a tangible employment action resulted from a refusal to submit to a supervisor's sexual demands.'" (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 753 (1998))).

Meanwhile, "[t]o establish a hostile housing environment claim, Plaintiff must show (1) unwelcomed (2) sexual harassment that was (3) sufficiently severe or pervasive so as to interfere with or deprive her right to use or enjoy her home." *Been v. Palais Villa, LLC*, No. SACV2101532CJCKESX, 2021 WL 8895168, at *2 (C.D. Cal. Nov. 30, 2021) (citing

*Quigley*, 598 F.3d at 946–47). To determine whether harassment was sufficiently severe or pervasive, courts consider factors such as "the frequency of the [harassing] conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the [victim's environment]." *Salisbury v. Hickman*, 974 F. Supp. 2d 1282, 1291 (E.D. Cal. 2013) (alterations in original) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). "[A]s a general matter 'the more severe the harassment, the less need to show a repetitive series of incidents.'" *Id.* (quoting *Brooks v. City of San Mateo*, 229 F.3d 917, 926 (9th Cir.2000)).

Here, Plaintiff has not stated a claim for quid pro quo harassment under the FHA. Plaintiff states that she experienced "quid pro quo harassment" when Defendant "demanded sexual favors from [her] in exchange for housing benefits." Compl. at 2. That allegation only "recit[es] . . . the elements of [Plaintiff's] cause of action," which "will not do." *Twombly*, 550 U.S. at 555. To plausibly state her claim, Plaintiff's assertion "must be supported by allegations of fact." *Christie v. Reno Flying Serv., Inc.*, No. 3:21-CV-0368-RCJ-CSD, 2022 WL 1462661, at *3 (D. Nev. May 9, 2022). Without providing some supporting factual allegations regarding, for example, the circumstances and timing of Defendant's demands and Plaintiff's refusals, the Court is unable to infer that the receipt of housing benefits was conditioned on sexual favors. *See id.*

For similar reasons, the Complaint fails to state a hostile housing environment claim. Plaintiff cannot simply allege, as the Complaint does, that Defendant "engaged in sexual harassment, intimidation, and coercion." Compl. at 4. That allegation, which states only the legal conclusion that Plaintiff wishes the Court to reach, is insufficient absent some supporting factual allegations regarding Defendant's conduct. As Plaintiff neither provides details regarding any specific act of harassment nor describes the frequency or severity of Defendant's actions,[2] the Court has no basis to infer that Plaintiff experienced "severe or

---

[2] Included with the TRO Motion is a "Request for Domestic Violence Restraining Order" (the "Request") Plaintiff filed in the Superior Court of California, County of San Diego, on January 9, 2023. *See* TRO Mot. at 28–45. The Request provides some descriptions of Defendant's harassing conduct. *See id.* at 31.

pervasive" harassment. *See Huddleston v. City & Cnty. of San Francisco*, No. 16-CV-01998-YGR, 2016 WL 4729175, at *4 (N.D. Cal. Sept. 12, 2016) (finding that pleading "sexual harassment" to support a Title VII claim is "only [a] conclusion[]" because the plaintiff "fail[ed] to allege any facts describing the harassment").

      2.  *Retaliatory Eviction*

  Plaintiff's third cause of action is for "unlawful eviction and retaliation" in violation of the FHA. Compl. at 6. "To establish retaliatory eviction under the FHA, the tenant must prove (1) the tenant engaged in a protected activity, (2) an adverse housing consequence causally linked to that activity, and (3) resulting damage." *West v. City & Cnty. of San Francisco*, No. 21-CV-02370-EMC, 2022 WL 1556415, at *14 (N.D. Cal. May 17, 2022) (citing *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998)).

  As with Plaintiff's other FHA causes of action, the Court must dismiss this claim. Exercising one's "right to be free from sexual harassment" can constitute a protected activity that is covered by the FHA. *See Mariano v. Villa*, No. 5:16-CV-03467-EJD, 2017 WL 2669995, at *3 (N.D. Cal. June 20, 2017). But Plaintiff has not sufficiently alleged causality. Plaintiff can plead causation by alleging (1) "circumstantial evidence of a 'pattern of antagonism' following the protected conduct," *Porter v. California Dep't of Corr.*, 419 F.3d 885, 895 (9th Cir. 2005) (quoting *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 177 (3rd Cir. 1997)); or (2) "temporal proximity between [Plaintiff's] protected activities and [Defendant's] adverse acts," *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 (9th Cir. 2004). Here, the Complaint neither pleads facts demonstrating a "pattern of antagonism," nor provides details regarding the timing of Defendant's sexual

---

However, "[i]n screening under § 1915(e)(2) . . . , the Court generally may not consider materials outside the complaint and pleadings." *Gibbs v. Jens*, No. 2:20-CV-1956-KJM-DMC, 2022 WL 2067971, at *2 (E.D. Cal. June 8, 2022), *report and recommendation adopted*, 2022 WL 4078847 (E.D. Cal. Sept. 6, 2022). Further, the Request includes several unrelated accusations, including claims of alleged property damage. *See* TRO Mot. at 40. It is thus unclear which of the Request's allegations, if any, are relevant to Plaintiff's current suit. If Plaintiff is indeed basing her current lawsuit on the facts alleged in the Request, Plaintiff need only include said facts in an amended complaint for the Court to consider them.

advances, Plaintiff's ensuing refusals, or the initiation of eviction proceedings.[3]

### B.  *Intentional Affliction of Emotional Distress*

Plaintiff's final claim is for IIED.  Under California law, the elements of an IIED claim are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."  *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (citations omitted).

Plaintiff's IIED claim is premised on the same allegations as her FHA causes of action.  Plaintiff alleges only that "Defendant demonstrated a flagrant disregard for her rights and dignity" through his "sustained" conduct; she provides no details about the nature or frequency of Defendant's behavior.  *See* Compl. at 8.  Consequently, the Complaint fails to state a claim for IIED.  *See Taylor v. First Tech. Fed. Credit Union*, No. 3:15-CV-00023-HZ, 2015 WL 3464066, at *5 (D. Or. May 29, 2015) (dismissing IIED claim where the plaintiff "d[id] not provide any details about the nature of" alleged "unwelcome physical contact" or the "frequency of the alleged incidents"); *Jones v. Gen. Elec. Co.*, No. 18-CV-07086-EMC, 2019 WL 1599183, at *4 (N.D. Cal. Apr. 15, 2019) ("Mr. Jones' complaint does not detail what about Defendants' conduct was extreme or outrageous . . . .  Accordingly, the IIED claim is dismissed . . . ." (emphasis omitted)).

Consequently, the Court finds that Plaintiff has failed to state her IIED claim.

### APPLICATION FOR TEMPORARY RESTRAINING ORDER

Plaintiff asks the Court to enjoin Defendant from continuing eviction proceedings in state court.  *See* TRO Mot. at 5.  Though the TRO Motion is not clear on this point, Plaintiff also seems to seek an injunction to prevent Defendant from committing any further harassment.  *See* Compl. at 9 (listing as relief sought the "[i]ssuance of injunctive relief,

---

[3] According to records attached to the TRO Motion, Defendant served Plaintiff with a "Thirty (30) Day Notice to Quit and Surrender Possession" on December 7, 2022.  *See* TRO Mot. at 13.  It is not clear whether the eviction proceedings alleged in the Complaint are part of or separate from the 2022 action.

enjoining the Defendant from continuing any further discriminatory, harassing, and retaliatory practices"). For the reasons below, Plaintiff's TRO Motion is **DENIED**.

## I. Legal Standard

Federal Rule of Civil Procedure 65(b) governs the issuance of a temporary restraining order ("TRO"). The standard for a TRO is identical to the standard for a preliminary injunction. See *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The elements of this test are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

## II. Analysis

To the extent Plaintiff seeks to enjoin an ongoing state eviction proceeding, the Court need not consider the four *Winter* factors because the Anti-Injunction Act ("AIA") applies. Under the AIA, a federal court "may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgment." 28 U.S.C. § 2283. The three "exceptions to the [AIA] must be construed narrowly and doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

Here, the AIA precludes the Court from granting Plaintiff's Motion to enjoin Defendant's eviction action. *See Barnes v. United Council of Hum. Servs.*, No. C 19-2848 SBA, 2019 WL 2270374, at *2 (N.D. Cal. May 28, 2019) ("This Court as well as numerous others have concluded that a request to enjoin eviction proceedings is precluded under the

[AIA]." (citations omitted)); *Coleman v. Am. Home Mortg. Servicing, Inc.*, No. 2:11-CV-00178-GMN, 2013 WL 419285, at *2 (D. Nev. Jan. 31, 2013) (holding that "enjoin[ing] the Eviction Action currently underway in the Justice Court" was "barred by the [AIA]'s prohibition against enjoining 'proceedings in a State court'"); *Easterday Dairy, LLC v. Fall Line Cap., LLC*, No. 2:22-CV-01000-HL, 2022 WL 17104572, at *8–9 (D. Or. Nov. 22, 2022) (refusing to enjoin ongoing eviction proceeding pursuant to the AIA). Courts have regularly found that the AIA's statutory exceptions do not apply to ongoing state eviction actions. *See, e.g.*, *Gray v. Bakersfield Parks, LP*, No. 116CV01860LJOJLT, 2016 WL 7229112, at *3 (E.D. Cal. Dec. 13, 2016); *Warda v. Santee Apartments LP*, No. 17CV648-WQH-JMA, 2017 WL 1336843, at *4–6 (S.D. Cal. Apr. 11, 2017).

To the extent Plaintiff seeks to enjoin other aspects of Defendant's conduct, her TRO Motion fails under *Winter*'s first factor. As the Complaint fails to state any claim upon which relief can be granted, Plaintiff "has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of [her] claims." *Jones v. Donovan*, No. 3:17-CV-2454-BTM-BLM, 2019 WL 3574444, at *3 (S.D. Cal. Aug. 6, 2019); *see also Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." (quoting *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009))). Consequently, "the Court need not reach the remainder of the *Winter* factors." *Williams v. Duffy*, No. 18-CV-06921-BLF, 2019 WL 95924, at *3 (N.D. Cal. Jan. 3, 2019); *see also Gray v. LA Cnty. Jail*, No. 223CV01351ODWJDE, 2023 WL 3559322, at *2 (C.D. Cal. Feb. 27, 2023) ("A request for injunctive relief should be denied when based on a complaint that fails to state a claim." (citation omitted)).

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

In light of the above, the Court:

1) **GRANTS** Plaintiff's IFP Application (ECF No. 2).

2) **DISMISSES** Plaintiff's Complaint (ECF No. 1) *sua sponte* **WITHOUT PREJUDICE** for its failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). The dismissal is **WITH LEAVE TO AMEND**. Plaintiff thus has <u>forty-five (45) days'</u> leave from the date of this Order to file an amended complaint curing the pleading deficiencies noted above. Any amended complaint must be complete in and of itself without reference to Plaintiff's original Complaint; claims not realleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived"). ***If Plaintiff fails to amend within the time provided, the Court will enter a final Order dismissing this civil action.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

3) **DENIES WITHOUT PREJUDICE** Plaintiff's TRO Motion (ECF No. 3).

**IT IS SO ORDERED.**

Dated: December 21, 2023

Hon. Janis L. Sammartino
United States District Judge